IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CAROL PASELK | § | |
| | § | |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-754 |
| | § | Judge Clark/Judge Mazzant |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
|     *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 6, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants' motions to dismiss be granted and plaintiff's case be dismissed with prejudice [Doc. #291]. On June 27, 2013, plaintiff filed objections [Doc. #300]. No response was filed by any defendant.

Plaintiff, *pro se*, filed this case against ninety-two defendants. The Magistrate Judge entered a forty-five page report and recommendation that addressed all motions to dismiss pending at that time. The Magistrate Judge recommended that all motions to dismiss be granted. The Magistrate Judge also recommend dismissal of all claims against all named defendants. In making that recommendation, the Magistrate Judge acknowledged that due to the court's caseload, a proper pre-screening was not done in this case and that the court should never have allowed service on all of the defendants. The Magistrate Judge determined that, after review of the amended complaint, there

1

were no plausible claims against any defendant and that the entire case should be dismissed with prejudice.

On June 27, 2013, plaintiff filed twenty-eight pages of objections plus exhibits, totaling eighty-five pages. It is clear to the court that plaintiff feels that she has been wronged by everything that happened to her in connection with the seizure of her horses. However, that feeling does not make her claims appropriate for federal court. Plaintiff started off her amended complaint stating as follows:

> Although this case finds a basis in former animal cruelty allegations and the seizure of an entire herd of horses, this case is not about, nor is it an appeal of, former litigation of animal cruelty charges. This case is an original proceeding based in the complete disregard for Constitutional rights protected by and guaranteed by the Constitution of the United States, and blatant violations of Federal statutes. This case is about the anarchy and tyranny wrought when constitutionally guaranteed freedoms are cast carelessly aside and trampled under the agenda of officials, media, and so called animal "rescue" groups [Doc. #9 at 6].

Despite this characterization of her claims, a reading of plaintiff's amended complaint illustrates that plaintiff is actually trying to challenge everything that happened to her with regard to her prior criminal proceedings and the seizure of the horses. The Magistrate Judge was correct that this court has no jurisdiction to address these matters. She was convicted, the convictions have not been overturned, and she cannot sue private individuals under 42 U.S.C. § 1983 based upon the facts she has alleged. After the court strips away all of the allegations regarding her prior criminal cases and the seizure of the animals, the court does not see any possible plausible claim that would remain against defendants.

In plaintiff's objections, she asserts that she was never found to have cruelly treated the horses in question by a court of competent jurisdiction. This statement illustrates the Magistrate Judge's overall findings. Plaintiff cannot assert an attack on her state court convictions in federal

court, since she was convicted in the state system and would need to make these challenges in the state system. Plaintiff also complains of the seizure of her horses, but again, this is a matter that has to be addressed in a state proceeding. Plaintiff complains that her constitutional rights were not followed in the underlying matters. Again, plaintiff needed to raise these matters in her prior cases and cannot collaterally attack what happened in state court. Plaintiff also spends many pages citing various cases that she asserts support her claims. However, she never ties these cases to a specific objection or finding of the Magistrate Judge.

Plaintiff also objects, asserting that she should have the opportunity to amend her complaint. Plaintiff's Complaint was filed on December 5, 2012. Her Amended Complaint was filed on January 23, 2013. The Magistrate Judge gave plaintiff an opportunity to amend at the beginning of the case, and in response, plaintiff filed a seventy-four page amended complaint. The amended complaint does give everyone fair notice of what she is alleging, but there are simply no plausible claims being asserted. The court does not see any additional facts that could be alleged that would make any of the claims being asserted plausible.

Plaintiff next objects that the Magistrate Judge mischaraterizes her complaint and omits the rest of the story. The court has reviewed plaintiff's amended complaint and agrees with the conclusion that there are no plausible claims being asserted.

Plaintiff next objects, asserting that this case should be stayed until the issues are decided in a related case, *Paselk v. State of Texas, et al.*, 4:13cv97. This argument was not presented to the Magistrate Judge and should not be considered for the first time in objections. Even if this argument was properly before the court, the court finds that it has no merit. There is no reason that this case should be stayed. Moreover, a final judgment in this case may bar any claims being asserted in case

number 4:13cv97.

Plaintiff next objects to the application of *Heck* to her case, asserting that there is still an issue regarding other horses that remain unreturned. Plaintiff's argument is misplaced. She cannot challenge the seizure of her horses in federal court. She asserts that some of the horses should be returned under state law, and if she has a remedy under state law, she should pursue it; but there is no Constitutional right implicated.

Plaintiff objects to the application of the statute of limitations to this case because there is no limitation on void judgments. The problem for plaintiff in this case is that she cannot attack the prior judgments against her in the form of this civil action. No court has set aside those prior judgments. Thus, the statute of limitations does apply and does bar some of her claims. She also now asserts for the first time that the statute of limitations should be tolled because of the continuing stress to Plaintiff. Although the court can see how this situation has caused her continued stress, this is not a proper application of equitable tolling. The alleged wrong that occurred is not an ongoing action, and plaintiff has been well aware of the underlying facts. Thus, there is no basis for tolling based upon her continued stress.

Plaintiff next objects to the dismissal of all defendants because she alleges that she has clearly shown that there are genuine fact issues which should allow her to conduct discovery. Plaintiff asserts that summary judgment is not appropriate in this case at this stage of the proceedings. However, the court has not granted a summary judgment, but has decided this case based upon a review of the amended complaint under a Rule 12(b)(6) standard. The Magistrate Judge and this court are not deciding whether there are material fact issues. Instead, the court is examining whether there are any plausible claims contained in the amended complaint. Since there

are no plausible claims, there is no need for discovery.

Plaintiff concludes her objection citing the court to the case of *Jennifer Petkus v. Richland County, WI*, 3:12cv104-wmc, a case from the Western District of Wisconsin, Madison Division. Plaintiff's reliance upon this case is misplaced. First, the facts of the *Petkus* case are very different from the facts of this case. *Petkus* only involved the question of the exercise of search warrants, and there does not appear to be any convictions as a result of the searches. Plaintiff has prior convictions that have not been set aside. Second, the defendant in *Petkus* did not raise any of the issues that are being raised in this case. Finally, even if the cited case was factually similar, which it is not, the case is not binding on this court.

Finally, plaintiff concludes by saying that dismissing the case would be a grave mistake, and the court would be participating in a severe miscarriage of justice by prematurely dismissing the case. The court again recognizes that plaintiff feels that a great injustice has been done to her; however, plaintiff cannot collaterally attack, in this proceeding, her prior convictions. The Magistrate Judge addressed the various issues raised by the defendants on why there are no plausible claims. The court agrees with that decision and finds that plaintiff fails to articulate proper objections to the report. To the extent plaintiff has lodged objections, the court overrules them. The court sees no reason for this case to continue, and agrees with the Magistrate Judge that this case should not have proceeded to service.

Although the Magistrate Judge concluded that there were no plausible claims against any defendant, the court notes that there were additional motions to dismiss filed that were not considered by the Magistrate Judge because they were not filed or ripe at the time of the report and recommendation. The followings additional motions are pending: Defendants' Habitat for Horses,

Inc. and Jerry Finch, President of HFH Motion to Dismiss [Doc. #286]; Defendants Arabian Breeders Network, Augean Stables Ltd, and Jean Marie Diaz Motion to Dismiss [Doc. #288]; Defendant True Blue Animal Rescue Inc.'s Supplemental Motion to Dismiss [Doc. #289]; Defendant Melody DeAeth's Supplemental Motion to Dismiss [Doc. #290]; and Defendant Billie Glosser's Motion to Dismiss [Doc. #298]. Having considered the motions and responses, the court's decision to dismiss all remaining defendants is supported. The motions have merit and there are no plausible claims.

In reviewing the objections and report, the court also notes that plaintiff filed additional responses or replies to motions that were not considered by the Magistrate Judge [Doc. #295, #302, #303, #321, #322, #323, #324, #328]. Plaintiff also filed a brief that was filed after the report, but the brief was not tied to any motion [Doc. #307]. After considering these documents and the other relevant pleadings, the court's decision that there are no plausible claims has not changed.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant State of Texas' Motion to Dismiss or for Judgment on the Pleadings [Doc. #97]; Defendants Houston Community Newspapers, Inc. d/b/a the Cleveland Advocate, Vanesa Brashier, and Alex Wukman's Motion to Dismiss [Doc. #98]; Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Plaintiff's Failure to State a Claim of Defendants' Echo Publishing and all unidentified associates, directors, staff, employees and volunteers in their official and individual capacities and Sulphur Springs News

Telegram ("SSNT") and also all identified associates, directors, staff, employees, supporters, and volunteers in their official and individual capacity, and Bruce Alsobrook, Managing Editor for SSNT and his official and individual capacities, and Faith Huffman, Reporter for SSNT in her official and individual capacities [Doc. #103, #106]; Defendant Melanie DeAeth's Motion to Dismiss [Doc. #107]; Jeremy Smith, DVM, Clifton Bradshaw, DVM, and Richard Garner, DVM's Motion to Dismiss and for More Definite Statement [Doc. #108]; Raycom, Gray, and Belo Defendants' Motion to Dismiss [Doc. #109]; Bobby McDonald and Front Porch News' Rule 12(b)(6) Motion to Dismiss [Doc. #111]; Wade Bartley and Bartley Auction and Stockyard's Motion to Dismiss [Doc. #112]; Defendants Bluebonnet Equine Humane Society, Inc., Jennifer Williams, and the volunteers for Bluebonnet, David Mitchell, Pamela Dountas, Gail Gantt, Karen Bander, Christa Bass, and Darla Gips' Motion to Dismiss or for Judgment on the Pleadings [Doc. #113]; Gene Stump's Motion to Dismiss [Doc. #115]; Defendant True Blue Animal Rescue, Inc.'s Motion to Dismiss or, Alternatively, for More Definite Statement [Doc. #116]; Steve Lilley's Rule 12(b)(6) Motion to Dismiss [Doc. #119]; Brenda Laurel, Laurel Arabians, and Arabian Horse Rehoming Association's Motion to Dismiss [Doc. #120]; Defendant Arturo Laurel's Motion to Dismiss or for Judgment on the Pleadings [Doc. #121]; Defendant Andrew Peele's Motion to Dismiss or for Judgment on the Pleadings [Doc. #124]; Defendants Arabian Breeders Network, Augean Stables Ltd, and Jean Marie Diaz's Motion to Dismiss [Doc. #144]; the 8th Judicial District Attorney's Office's Motion to Dismiss [Doc. #104]; and Hopkins County, Texas, Butch Adams, Ricky Morgan, Henry Turner, Tanner Crump, Victor Cosme, Brad Cummings, Mike Odell, Beth Wisenbaker, Don Patterson, Danny Evans, Cletis Millsap, Dustanna Rabe, Yvonne King and Amy Smith's Amended Motion to Dismiss [Doc. #126]; Motion to Dismiss by Wade Bartley and Bartley Auction and Stockyard [Doc.

#282]; Defendant Carey Endrizzi's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Rule 12(b)(6)), Motion to Dismiss or for Judgment on the Pleadings (Rule 12(c)) [Doc. #242]; Defendant The Fund for Animals's, Incorrectly Named as Black Beauty Ranch's Motion to Dismiss or, Alternatively, for a More Definite Statement [Doc. #258]; Defendants' Habitat for Horses, Inc. and Jerry Finch, President of HFH Motion to Dismiss [Doc. #286]; Defendants Arabian Breeders Network, Augean Stables Ltd, and Jean Marie Diaz Motion to Dismiss [Doc. #288]; Defendant True Blue Animal Rescue Inc.'s Supplemental Motion to Dismiss [Doc. #289]; Defendant Melody DeAeth's Supplemental Motion to Dismiss [Doc. #290]; and Defendant Billie Glosser's Motion to Dismiss [Doc. #298] are **GRANTED,** and **all** Defendants are **DISMISSED** with prejudice. Plaintiff's claims are **DISMISSED** with prejudice in their entirety.

It is further **ORDERED** that the State of Texas' Amended Motion for Sanctions & Attorneys' Fees [Doc. #228] is **DENIED**.

All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this 4 day of **September, 2013.**

_____
Ron Clark, United States District Judge